# York County v. Ziegler et al. County Commissioners.

County Commissioners cannot be surcharged by the County Auditors unless they have first been summoned to appear at the audit. The fact that the Auditors made application for the books, accounts and papers of the Commissioners is not to be construed as either a notice or a summons. Nor can the service of the legal summons be inferred from their having been called and examined as witnesses in an investigation of the Treasurer's accounts, although those accounts (many, or most of them) were the same on which they themselves were surcharged.

COUNTY AUDITORS—SURCHARGES AGAINST COMMISSIONERS—
SERVICE OF NOTICE OR SUMMONS.

No. 231, January Term, 1903, C. P. York County.

Cochran & Williams, Attys. for Eli H. Ziegler, et al. Commissioners.

E. D. Ziegler, Esq., County Solicitor.

Opinion by BITTENGER, J., April 18, 1903.

The facts fully appear in the opinion of the Court as follows:

"Should the report of the County Auditors be set aside or stricken from the record because the petitioners were not legally notified and summoned by the Auditors? Several notifications are relied on by the present County Auditors as giving the petitioners the required notice. The first is at the assembling of the Auditors for the discharge of their duties. There is a sharp conflict of testimony as to who were present and what took place at the Commissioners' office. Taken in its most reassurable light to the contention of the Auditors, two of them called at the office of the County Commissioners and there informed two of the late Commissioners, the petitioners, that they were ready to perform their duties and requested their books, papers and accounts for the audit and that they could be present if they desired. This is denied by the petitioners, but if it was said to them it was just what would invariably occur to inaugurate the work of the County Auditors. It cannot be held sufficient notice, under the case of Wilson v. Clarion county. Second notice relied on are subpoenas to petitioners to attend as witnesses, their appearance and attendance as such, and their testifying in regard to

many of the raised and altered bills, the subject of surcharge, and their acts in making out and delivering warrants for the same. It is not clearly proven that either of them are legally subpoenaed by having had read to them or reading themselves, or either of them, either of the subpoenas. If they had been read to them, it would not prove notice. Such a ruling would be harsh and unfair for the reason that the only material matter to be observed and remembered by the witness in and place of meeting or hearing, at the service of the subpoena is the time which the witness is required to appear and testify. Neither can Eli H. Ziegler be charged with knowledge of the contents or purport of the entry on the stenographer's notes by E. Dean Ziegler, council for the Auditors, that the evidence taken touching the bills, vouchers and accounts would be used for the purpose of adjusting the accounts of the Commissioners and Treasurer and surcharging them. Eli H. Ziegler has not been proven to our satisfaction to have been present when said entry was dictated and made on the notes, nor is it testified by any one that he was within hearing of the counsel for the Auditors when the same was dictated, or that he heard it. So also the letter of E. Dean Ziegler requesting the presence of Eli H. Ziegler before the Auditors and must be held ineffectual as notice to him that his accounts be under consideration by the Auditors and that his presence would be required in connection therewith. It is general in its terms and gives no specific notice.

"It is true that the petitioners, Eli H. Ziegler and Friezer Altland, appeared as witnesses in obedience to the subpoenas and were sharply questioned by the counsel for the Auditors as to the practice in the Commissioners' office as to examining or not examining bills for approval and the signing and delivering of warrants, yet this involved only the raised, altered and twice presented and twice paid bills. The petitioners may properly be held to have had in the extended and rigid examination to which they were subjected as to these particular bills sufficient to put them on guard and to suggest to them that they might be held guilty of negligence. They both testify,

however, that they at no time had any knowledge of any trouble with their accounts and they believed that their examinations as witnesses were on to charge William O. Thompson, the County Treasurer, and not to affect in any manner themselves or their accounts and estates.

"The circumstances attending their production as witnesses at the hearing of the Auditors and the presence there of William O. Thompson with his counsel, H. C. Niles, Esq., who examined the witnesses was likely to impress the petitioners that they were only attending as witnesses to the end of surcharging William O. Thompson, as late treasurer of the county, and not in their own interests. Indeed the letter of E. Dean Ziegler, Esq., to Eli H. Ziegler, one of the petitioners was that his mileage and day's attendance would be paid. This is inconsistent with the idea that he was summoned in his own behalf when he could not be paid by the county as witness, as the Auditors themselves decided, in striking and disallowing a bill of like character. The failure of the petitioners to appear in their own behalf, represented by counsel, tends strongly to indicate the absence of the notice required, of the fact that their accounts were not satisfactory and that a surcharge was probable.

"The decisions are that the officers such as the petitioners cannot be surcharged by the County Auditors unless they have been summoned to appear at the audit. It has never to our knowledge been judicially determined in what form the summons must be, whether written or verbal, but it is clear that notice cannot be held to have been legally given when the Auditors made application for the books, accounts and papers of the Commissioners, when it appeared the Auditors had any knowledge of any irregularity, wrong or negligence. That was neither a notice nor a summons, as required by the decisions of the Courts. Neither can the service of a legal summons of the petitioners be found from their having been called and examined as witnesses in an investigation of the late treasurer's accounts, although those accounts (many or most of them) were the same on which they themselves were surcharged.

York County v. Ziegler et al., County Commissioners.

"Of the $13,214.26 found against the petitioners, $8,409.90 is on bills duplicated in payment altered and raised. The balance was found to be for bills, unwarranted, exorbitant, unjust and illegal or partly so, amounting to the balance of the surcharge. With but one exception, the petitioners were not called upon to explain or sustain the latter bills.

"This must necessarily make the audit invalid to charge the petitioners, their estates or their bondsmen. Indeed, the alleged notices are more calculated to mislead the petitioners than to give them a legal summons. While the report does not show on its face that the petitioners were legally summoned before the County Auditors, at the audit of their accounts it does show on page 4, that when the Gazette bill for printing amounting to $1,545.75 was under investigation before final action for the same when the same was reduced to $445.75, that Lemon Love, one of the owners of the Gazette, was present and had an opportunity to examine the witness if he so desired, and that the said Gazette company was notified in writing that this bill and other bills of said company were under investigation, and that they had a right to appear and be heard if they so desired. Instead of this written notice to the Gazette company, it should have been given to the petitioners, whose accounts were being audited, and who are charged in the report. Eevery citizen in an adverse legal proceeding is entitled to his day in Court; otherwise, the Court is without jurisdiction.

"In our opinion the notice should have been given in writing formal and specific, informing the petitioners that their accounts were being audited by the County Auditors and that unless satisfactory explanations were given, surcharges would be made. This would have enabled them to attend with counsel, and made the report, unless appealed from in the time specified by law, final and conclusive.

"The petitioners have appealed since the entering of the rules and the accounts are open. We cannot strike off the judgments or surcharges. The audit of the accounts of these officers must stand or fall as a whole. If no notice was given

p

no part of the audit is conclusive on those requiring notice. If the audit as to the petitioners' accounts is stricken off and set aside it can of course no longer have any conclusive effect. The county and the officers will each have their full legal rights in the audit of these accounts. At next year's audit the Auditors can serve a legal summons to the petitioner to appear and audit the accounts with the same effect they could have audited at the last audit.

"And now, April 18, 1903, after due consideration, the audit of the County Auditors of the accounts of the petitioners for the year 1902, and the report and judgment entered thereon, and indexed are set aside and stricken off the record of Court, at the cost of the county of York."